# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: A.N., A.N., A.N., & A.N.**

**No. 14-1175** (Clay County 12-JA-24 through 27, & 12-JA-98 through 101)

## MEMORANDUM DECISION

Petitioner Mother K.N., by counsel Teresa C. Monk, appeals the Circuit Court of Clay County's October 3, 2014, order terminating her parental rights to A.N.-1, A.N.-2, A.N.-3, and A.N.-4.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardians ad litem ("guardians"), Herbert L. Hively II and Barbara Harmon-Schamberger, each filed summary responses on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in (1) finding that petitioner failed her improvement period; (2) finding that petitioner had a drug addiction based on two positive drug screens; and (3) terminating petitioner's parental rights to the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2012, the DHHR filed its first abuse and neglect petition against petitioner and the children's father alleging that A.N.-1 missed twenty days of school, which made that child truant and resulted in educational neglect. At the adjudicatory hearing on the first petition, petitioner and the children's father stipulated to those allegations, and the circuit court granted them improvement periods. The children remained in the home.

---

[1]Because the children share the same initials, the Court will distinguish them using numbers 1, 2, 3, and 4. The circuit court case numbers also serve to distinguish these children. We also note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. Further, there were eight case numbers issued below because these children were the subject of two abuse and neglect proceedings filed by the DHHR. The circuit court appointed a different guardian for each of the two proceedings below

1

In June of 2012, the circuit court held a review hearing on the couple's improvement periods. At that hearing, the circuit court heard allegations of domestic violence occurring in the home between the children's father, petitioner, and one of the children's grandparents. In late June of 2012, the DHHR filed a second abuse and neglect petition against petitioner and the children's father alleging domestic violence in the children's presence. According to the petition, the DHHR and petitioner agreed to enter into a safety plan wherein she retained custody of the children but the children's father was to have no contact with her or the children. The children's father ultimately stipulated to abuse and neglect of the children by committing domestic violence in their presence.

Given the issues raised in the second petition and petitioner's agreement to act in accordance with a safety plan, at multiple hearings between September of 2012 and March of 2013, the circuit court ordered that she have no contact with the children's father. In October of 2012, the circuit court also ordered her to remain drug and alcohol free.

At a review hearing in December of 2012, the circuit court found that petitioner failed two drug screens in October and November of 2012, respectively. Petitioner tested positive for methamphetamine, amphetamine, and cannabinoid. Further, the circuit court found that petitioner maintained contact with the children's father. The circuit court concluded that petitioner violated its orders to remain drug and alcohol free and to have no contact with the children's father. The children were removed from petitioner's home, and the matter was set for disposition.

Between February and March of 2013, the circuit court held several dispositional hearings. At those hearings, the circuit court heard evidence of petitioner's failed drug screens and continued contact with the children's father. In her defense, petitioner presented the testimony of a pharmacist who claimed that certain medications can cause false-positive results on drug screens. However, the circuit court found that the pharmacist was not an expert in toxicology; had not conducted any of the drug screens herein; and based his opinion on hearsay. The circuit court terminated the children's father's parental rights, but it granted petitioner a "nine-month rehabilitation period."[2] As terms and conditions of that nine-month rehabilitation period, the circuit court ordered that petitioner again have no contact with the children's father and have no contact with the children apart from court-ordered visitation; remain drug and alcohol free; submit to drug screening; complete a substance abuse evaluation; and comply with the recommendations of that evaluation.

Between March of 2013 and July of 2014, the circuit court held hearings with regard to the children's placement and petitioner's progress. Also during that time, the circuit court granted petitioner a second improvement period due to the DHHR's alleged failure to timely file a case plan, and it considered a motion to terminate petitioner's parental rights, which it denied in April of 2014, to provide petitioner more time for parental improvement. However, at a hearing in July of 2014, following more than one year on rehabilitation and improvement

---

[2]The parties do not address the legality of this court-ordered nine-month rehabilitation period, and we do not address the same in this memorandum decision.

periods, the circuit court revoked petitioner's improvement period and set the matter for a dispositional hearing.

In September of 2014, the circuit court held a final dispositional hearing. Several witnesses testified as to petitioner's level of participation in her second improvement period. The circuit court heard evidence that petitioner denied any drug use despite failing drug screens for methamphetamine; that she continued contact with the children's father; and that her visits with the children were "chaos." The circuit court also heard evidence that petitioner attempted to add a bedroom for one of the children to her trailer by cutting a hole in its side and attaching an "outbuilding" that also had a hole cut in its side, which resulted in a room lacking heat, air flow, and windows. Dr. Jason Weaver, a clinical psychologist, testified that petitioner continued to "deny responsibility, blame[] an overzealous DHHR, and believe[] there is a conspiracy." He recommended that petitioner receive a minimum of one-year of intensive therapy. The circuit court also considered the two older children's wishes as to petitioner's parental rights. One child wished to return with her mother while the other child did not. Based on the evidence presented, the circuit court found that, despite numerous attempts at parental improvement over more than two years, petitioner could not substantially correct the conditions at issue herein. Given that the children had been out of petitioner's home for twenty-three consecutive months at that time, the circuit court also found that the children deserved permanency of placement, which would be in their best interests. By order entered on October 3, 2014, the circuit court terminated petitioner's parental rights to all four children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner's first two assignments of error allege that the circuit court made erroneous findings as to her drug use, the suitability of her home, and her failure to complete her second improvement period.[3] Citing Rule 19 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, petitioner argues that the circuit court should have limited its

---

[3]As these assignments of error are related, we address them together.

review to her participation and progress in those services related to truancy, which she completed, because truancy was the only ground on which she was adjudicated as an abusing parent. However, following our review of the record on appeal and briefing herein, we find that petitioner waived this argument for appellate review.

This Court has often held that a party must assert a right in the circuit court to preserve the issue for appellate review and that errors invited by a party will not be reversed on appeal. *See State v. LaRock*, 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996) (stating that "[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in the imposition of a procedural bar to an appeal of that issue"); *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal") (citation omitted); Syl. Pt. 4, *State v. Mann*, 205 W.Va. 303, 518 S.E.2d 60 (1999) (citations omitted) (stating that "[a] judgment will not be reversed for any error in the record introduced by or invited by the party seeking reversal"); s*ee also* W. Va. R. App. P. 10(c)(7) (requiring petitioner's briefs to contain an argument exhibiting clearly the points of fact and law presented and "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"). Petitioner points to no portion of the record on appeal where she objected in this regard or otherwise presented this issue to the circuit court. To the contrary, it appears from the record on appeal that petitioner agreed to the terms and conditions of both of her improvement periods, her "nine-month rehabilitation period[,]" and the safety plan. That is, petitioner agreed to remain drug and alcohol free, to submit to drug screening, to find suitable housing, and to have no contact with the children's father, who had admitted to domestic violence issues and who petitioner described in her brief to this Court as her "batterer." Only on appeal does petitioner now claim that the circuit court committed error in considering her drug use, home conditions, and continued contact with the children's father. Without objecting or otherwise presenting this issue to the circuit court and having agreed to abide by those terms and conditions, we find the issue waived for appellate review.

Petitioner also maintains that the circuit court erred in disregarding the testimony of her expert pharmacist who sought to testify that petitioner's two positive drug screens were false positives due to her use of legal cold medicine. We have held that "[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong." Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991). The witness at issue testified that he was a pharmacist for seventeen years, but that he had no experience conducting or performing drug tests in a laboratory. He also expressly testified that he was not a toxicologist. For these reasons, we find no error in the circuit court's ruling that the witness was not an expert in toxicology or drug testing, and, therefore, excluding this witness' evidence as it relates to toxicology and drug testing. To the extent petitioner argues that this witness' testimony, as presented, should have been given more weight by the circuit court, we have explained that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations[,] and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); *see also In re: Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (stating that

"in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact.") (citations omitted). Therefore, we find no error in this regard.

As to petitioner's claim that she completed all of the terms of her improvement period, the record on appeal is clear that petitioner was not fully compliant. In addition to her prior positive drug screens for methamphetamine, amphetamine, and cannabinoids, evidence indicated that she maintained contact with the children's father in violation of a court order and failed to take responsibility for all of her past conduct. Petitioner also admitted that she was only "working on obtaining stable housing" at the time of the final dispositional hearing. However, while the level of compliance with an improvement period is considered at the final disposition, we recently held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Petitioner does not contest her adjudication for neglect under the first petition. She argues instead that the circuit court erred in its findings and considerations in making the final disposition. Therefore, the level of her compliance in the second improvement period is just one factor for the circuit court to consider. As the children herein were removed from petitioner's home for twenty-three months by the time of the final disposition, and petitioner was still only "working on obtaining stable housing," the circuit court did not err in finding that the children's best interests required permanency and termination. For the foregoing reasons, we find no reversible error as to petitioner's first two assignments of error.[4]

Petitioner's third and final assignment of error is that the circuit court erred in terminating her parental rights to the children, particularly her sixteen-year-old daughter who did not wish for petitioner's parental rights to be terminated. West Virginia Code § 49-6-5(a)(6)(c) provides in relevant part that "the court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." Based upon our review of the record, we find no error in the circuit court's compliance with this provision. While the circuit court must consider the child's wishes, the statutory mandate does not bind the circuit court to any one outcome.

Indeed, West Virginia Code § 49-6-5(a)(6) requires circuit courts to terminate the parental rights of an abusing parent "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Further, West Virginia Code § 49-6-5(b)(3) provides that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when a respondent parent fails to respond or follow through with a reasonable family case

---

[4]Although not listed as a separate assignment of error, petitioner also argues that the circuit court erred because no case plan was filed for over one year in this matter. However, it is clear from the record that petitioner raised this issue in a motion for a second improvement period due to this procedural error, and, over objection, the circuit court granted petitioner's motion. Therefore, because the circuit court granted petitioner's motion, we find no prejudice to petitioner on this issue. Any error in this regard is harmless.

plan or other rehabilitative efforts. As discussed above, the circuit court found that petitioner failed to complete the goals she agreed to as part of her improvement period for rehabilitation and reunification with her children. Petitioner admitted that she did not have suitable housing at the time of the final disposition, noting that she was "working on" obtaining the same. Additionally, the circuit court found that the children deserved permanency after they had been removed from petitioner's home for almost two years. Following a thorough review of the many hearing transcripts, orders, and arguments by the parties, we find no error in the circuit court's findings given the evidence presented below. Based on these findings, we conclude that the circuit court did not err in terminating petitioner's parental rights to these children.

Therefore, we find no error in the decision of the circuit court, and its October 3, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II